==================================

LUIS RIOS,

                              Petitioner,

          v.                                        9:12-CV-943
                                                    (LEK/ATB)

PERDUE, Warden

                              Respondent.

==================================

LUIS RIOS, Petitioner, pro se
PAULA RYAN CONAN, Ass't U.S. Att'y, for Respondent

ANDREW T. BAXTER, United States Magistrate Judge

## REPORT-RECOMMENDATION

Petitioner Luis Rios, presently incarcerated at the Federal Correctional Facility at Ray Brook, New York ("Ray Brook"), filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2241. The matter was referred for Report and Recommendation by the Honorable Lawrence E. Kahn, Senior U.S. District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rules N.D.N.Y. 72.3(c).

Petitioner claims that federal prison officials failed to give him proper credit for time he spent in federal custody under a writ of habeas corpus *ad prosequendum*, from February 5, 2004, to November 16, 2005. (*See* Pet., Dkt. No. 1).

As discussed below, this court finds petitioner previously sought the same relief, related to the same time period, from the U.S. District Court for the Middle District of Pennsylvania. (*See Rios v. Ebbert*, 3:09-CV-613, M.D.P.A.). Respondent argues that this petition should be denied as contrary to 28 U.S.C. § 2244 and/or under the common law "abuse of the writ" doctrine. (Resp.'s Response, Dkt. No. 6). This

court agrees, and recommends that the petition be dismissed in its entirety.

## I.   <u>Relevant Facts and Procedural History</u>

Petitioner is currently serving a 120-month term of incarceration for conspiracy to distribute and possession with intent to distribute crack cocaine, heroin, and marijuana. (*See* Pet. 16–17, Dkt. No. 1; *see also* 21 U.S.C. § 846). On April 9, 2009, petitioner filed a petition in the Middle District of Pennsylvania that is nearly identical to this petition, seeking credit against his federal sentence for the same time period. *See Rios v. Ebbert*, M.D. Pa No. 3:09-cv-613. (*See* Dkt. No. 6-1, Ex. A). United States Magistrate Judge Malachy E. Mannion issued a Report and Recommendation on December 15, 2009, finding *inter alia* that the federal Bureau of Prisons ("BOP") had correctly computed petitioner's federal sentence in accordance with applicable law and the sentencing judge's orders. (*See* Dkt. No. 6-1, Attach. B). The Report and Recommendation was adopted by the District Court on January 21, 2010. (*See* Dkt. No. 6-1, Ex. A). Petitioner filed a motion for reconsideration on February 2, 2010, which was denied on February 5, 2010. (*Id*.). Petitioner did not appeal.

## II.   <u>Applicable Law</u>

"[I]t is well-settled that res judicata has no application in the habeas corpus [context]." *Lewis v. McElroy*, 294 Fed. App'x 637, 640 (2d Cir. 2008) (quoting *Muniz v. United States*, 236 F.3d 122, 126 (2d Cir. 2001)). "Rather, 'the Supreme Court has been very clear that with respect to subsequent habeas . . . petitions, abuse of the writ is a substitute for res judicata, and that res judicata, strictly speaking, does not attach to the denial of a first habeas petition." *Id.*

"[T]the Court nevertheless may decline to consider on the merits a successive petition raising precisely the same claim previously rejected unless the interests of justice so require." *Williams v. United States*, 2002 U.S. Dist. LEXIS 21559, 2002 WL 31496225, at *1 (S.D.N.Y. 2002). Under the common law "abuse of the writ" doctrine, a court has discretion to dismiss a § 2241 habeas petition that is premised on mere "repetition of a previously asserted claim." *Esposito v. Ashcroft*, 392 F.3d 549, 550 (2d Cir. 2004).

## III.   Analysis

Petitioner has already made this claim, arguing that he should be credited for the time period between February 5, 2004, and November 16, 2005, when he was in primary custody of the State of New York. (*See* Pet. 1–5; *Rios v. Ebbert*, Dkt. No. 6-1, Attach. B). Petitioner did not mention his previous petition, nor does he argue any change of facts or circumstances that would warrant this court considering his claim anew. Magistrate Judge Mannion considered petitioner's claim, and held that 18 U.S.C. § 3585(b) prohibits a federal defendant from obtaining "double credit," or "credit against his current federal sentence based on a term of imprisonment that is credited to another sentence."[1] (*Rios v. Ebbert*, Dkt. No. 6-1, Attach. B at 14).

Because petitioner is merely repeating a previously asserted claim that was

---

[1] Because petitioner was first convicted in New York State Court and had commenced serving his sentence when the United States Marshals Service executed an arrest warrant based on an indictment from the United States District Court for the Southern District of New York, petitioner could not get credit against his federal sentence for time that was being credited to his state sentence while he was being prosecuted federally. (*Rios v. Ebbert*, Dkt. No. 6-1, Attach. B at 14).

decided on the merits, this petition should be dismissed as an abuse of the writ.

**WHEREFORE**, based on the findings above, it is **RECOMMENDED**, that the petition be **DENIED and DISMISSED**, and it is further

**RECOMMENDED**, that a certificate of appealability be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. These objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of HHS*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

**Dated:** August 8, 2013

Hon. Andrew T. Baxter
U.S. Magistrate Judge